Walling, Judge,
concurring specially:
Probably no principle is more firmly established by judicial precedents in this state, than that which has been called, for convenience, “the law of the ease.” Its precise meaning and scope have been tersely expressed in these words: “When the law governing a ease has been declared by the opinion of an appellate court on a direct appeal or writ *268 of error, such, opinion, on the retrial of the same case upon the same state of facts, is higher than the rule of stare decisis; it is generally regarded as res judicata, so far as the particular action is concerned.” Lee v. Stahl, 13 Colo. 174; Routt v. Greenwood etc. Co., 18 Id. 132; Israel v. Arthur, Ibid. 158; Phye v. Rio Grande County, 31 Id. 176; Schmidt v. Bank, 10 Colo. App. 261.
In the judgment of the writer, this well-established and salutary rule must be regarded as conclusive of the merits of the present appeal, the determination of which seems to involve no substantial matter of law or fact, not considered and adjudicated by the opinion rendered on the former appeal. Indeed, it is not possible to read the principal and dissenting opinions in this court, without concluding that the former is a substantial reiteration, while the latter is a more or less direct negation, of what was ruled by the former court of appeals touching the merits of the identical controversy. This can hardly be otherwise, since all three opinions proceed upon the construction of the same writings, in connection with a small amount of oral testimony which involves no material contradiction. It is apparent from the opinion in the 20th Colorado Court of Appeals reports that both the pleadings and the evidence were under consideration by the court in arriving at the result then announced; and since the pleadings remain the same, and the evidence was not materially changed on the retrial in the district court, the whole matter appears to be res adjudicata by the decision on the first appeal.
It has been ably and forcibly argued that the doctrine of “the law of the case” is not here ap *269 plicable, by reason of the limitation of the general rule in Brown v. Tourtelotte, 24 Colo. 204, and subsequent decisions following’ its ruling. Those decisions, when analyzed, do not seem to sustain the broad claim made upon their authority by appellant’s counsel. It is not difficult to understand why the supreme court, in virtue of its position as the head of the state judiciary, should decline to permit its own decision to be absolutely controlled by the opinion of an inferior tribunal given in a cause, when, at a later stage, and in due course of appellate procedure, the same cause came before the former court for its ultimate judgment. But examination of the opinion in Brown v. Tourtelotte is convincing that the reason for the distinction therein made with respect to the jurisdiction of the supreme court has no application to a court of lower grade; and when the act of 1911 deprived the higher court of all jurisdiction to hear and determine appealed cases like the one at bar, no perceptible reason remained for applying the decision in Brown v. Tourtelotte to such a case. The transfer of the case to the new appellate court for final determination, pursuant to the act, did not, pro hac vice, elevate this court to equal rank with the supreme court; and the appellant had no vested right to insist on a decision of the appeal by the supreme court. See People v. Scott, decided by the supreme court in December, 1911. It is plain that it was decided upon the first appeal of the case that the evidence was sufficient to sustain the cause of action alleged in the complaint, and that the district court gave effect to that decision in rendering the judgment now claimed to be erroneous. To reverse such judgment, on any *270 ground necessarily determined by the decision on the former appeal, would amount to an assertion of authority by this court, not easily justified in principle. Solely for the reason as herein indicated, I feel constrained to concur in the conclusion of the majority of the court.